**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**CASE NO.: 1:24-cv-01491**

DAVID DOE,

               Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

               Defendants.

<u>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**</u>

Plaintiff DAVID DOE[1] ("DOE" or Plaintiff"), by and through his undersigned counsel,

brings this complaint against Defendants, the Individuals, Partnerships and Unincorporated

Associations Identified on Schedule "A" hereto[2] (collectively "Defendants"), who are promoting,

selling, offering for sale and distributing goods bearing or using unauthorized reproductions or

derivatives of Plaintiff's Copyrighted Works within this district through various Internet based e-

commerce stores using the seller identities as set forth on Schedule "A" hereto (the "Seller IDs"),

and in support of his claims, alleges as follows:

---

[1] Since it is unknown when Plaintiff's forthcoming *Ex Parte* Motion for Entry of Temporary Restraining Order, Including a Temporary Injunction, an Order Restraining Transfer of Assets, a Temporary Asset Restraint, Expedited Discovery, and Service of Process by Email will be ruled on, Plaintiff's name has been
removed to prevent Defendants from getting advanced notice. Copyright piracy and infringement lawsuits like this one are closely monitored by Chinese defendants on websites like www.sellerdefense.cn, social media (QQ, WeChat, etc.), and elsewhere on the internet. The www.sellerdefense.cn website and others warn infringers specifically of product types, brands, law firms filing cases, and other information necessary for defendants, like those named in this case, to evade Plaintiff's anti-pirating and anti-counterfeiting efforts and hide their ill-gotten gains. Plaintiff will file under seal an Unredacted Complaint which identifies Plaintiff and provides additional information and allegations once the record is unsealed.
[2] Schedule "A" to this Complaint will be filed under seal after this Honorable Court rules on Plaintiff's forthcoming Motion to for Leave to File Certain Documents Under Seal and to Temporarily Proceed Under a Pseudonym.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ ILLINOIS ◆ TENNESSEE ◆ NEW YORK

## SUMMARY OF THE ACTION

1.      Plaintiff DOE brings this action for willful copyright infringement and piracy committed for purposes of commercial advantage or private financial gain by the reproduction or distribution, including by electronic means, of one or more copies of copyrighted works in violation of 17 U.S.C. §501, and for all the remedies available under the Copyright Act 17 U.S.C. § 101, *et seq*., and The All Writs Act, 28 U.S.C. § 1651(a).

## SUBJECT MATTER JURISDICTION

2.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

3.       This Court also has subject matter jurisdiction over this action pursuant to 17 U.S.C. § 301.

## PERSONAL JURISDICTION

4.      Defendants are subject to personal jurisdiction in this district because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the state of Illinois and this district, through at least the internet-based e-commerce stores accessible in Illinois and operating under their Seller ID's.

5.      Defendants are subject to personal jurisdiction in this district because their illegal activities directed towards the state of Illinois cause Plaintiff injury in Illinois, and Plaintiff's claims arise out of those activities.

6.      Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ ILLINOIS ◆ TENNESSEE ◆ NEW YORK

**VENUE**

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are not residents in the United States and therefore there is no district in which an action may otherwise be brought. Defendants are thus subject to the Court's personal jurisdiction.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling and/or shipping infringing products to consumers into this district.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this judicial district and therefore subject to the Court's personal jurisdiction.

**THE PLAINTIFF**

10.      Plaintiff DAVID DOE ("DOE") is an artist domiciled and residing in [REDACTED], author and copyright owner of several [REDACTED]-themed original paintings and prints. DOE's countless childhood days [REDACTED]. The beginning of DAVID DOE's career as a professional artist can be traced [REDACTED].

11.      A deep love of nature is the underlying theme in DAVID DOE's life and creations. [REDACTED]. DOE's work is painted with oil and acrylic paints, and his prints are extremely collectible.

12.      DOE's lifelike scenes and strong collector following have resulted in ever-growing popularity amongst art lovers across the nation. DOE's business [REDACTED] has been providing collectors with the highest-quality [REDACTED] art for over 40 years.

13.     DOE's products consisting of original paintings and prints are marketed and distributed through its own website at [REDACTED], and at a retail gallery located at [REDACTED].

14.     DOE owns the copyrights described below that are the subject of this action.

15.     DOE offers for sale and sells his products within the state of Illinois, including this district, and throughout the United States.

16.     Like many other intellectual property rights owners, Plaintiff suffers ongoing daily and sustained violations of his intellectual property rights at the hands of infringers and counterfeiters, such as Defendants herein.

17.     Plaintiff is harmed, the consuming public is duped and confused, and the Defendants earn substantial profits in connection with the infringing conduct.

18.     In order to combat the harm caused by the combined actions of Defendants and others engaging in similar infringing conduct, Plaintiff expends significant resources in connection with his intellectual property enforcement efforts, including legal fees and investigative fees.

19.     The recent explosion of infringement over the Internet has created an environment that requires artists like Plaintiff to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and himself from the ill effects of infringement of his intellectual property rights.

## PLAINTIFF'S INTELLECTUAL PROPERTY RIGHTS

### A.     PLAINTIFF'S COPYRIGHT RIGHTS

20.     Plaintiff's works of art, consisting of original paintings and prints with [REDACTED], are protected by copyright, are registered with the Copyright Office (the

"Copyrighted Works"),[3] and can been seen in examples below of some of Plaintiff's Copyrighted Works.

**[REDACTED]**

**[REDACTED]**

21.     Plaintiff's Copyrighted Works are duly registered with the Register of Copyrights as two-dimensional artworks and paintings as shown in the table below. True and correct copies of Copyright Certificates of Registration and the Works they apply to are attached hereto as Composite Exhibit 1.[4]

**[REDACTED]**

22.     Plaintiff's original paintings and prints embodying [REDACTED] are widely legitimately advertised and promoted by Plaintiff.

23.     Plaintiff has never granted authorization to anyone to use, advertise, market, or promote unauthorized goods using Plaintiff's Copyrighted Works.

## DEFENDANTS

24.     Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

25.     Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions,

---

[3] The information on Plaintiff's copyrights is redacted in initial filing in order to prevent Defendants from getting advanced notice. Pursuant to the Court's order on Plaintiffs motion to seal, Plaintiff will file an Unredacted Complaint which identifies Plaintiff's copyrights and provides additional information and allegations once the record is unsealed.
[4] Omitted in initial filing. Plaintiff will attach Exhibit 1 to the Unredacted Complaint.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ ILLINOIS ◆ TENNESSEE ◆ NEW YORK

redistribute products from the same or similar sources in those locations, and/or ship their goods from the same or similar sources in those locations to shipping and fulfillment centers within the United States to redistribute their products from those locations.

26.     Defendants are engaged in business in Illinois but have not appointed an agent for service of process.

27.     Upon information and belief, Defendants have registered, established, or purchased, and maintained their Seller IDs.

28.     Defendants target their business activities toward consumers throughout the United States, including within this district, through the simultaneous operation of commercial Internet based e-commerce stores via the Internet marketplace websites under the Seller IDs.

29.     Defendants are the past and present controlling forces behind the sale of products bearing or using unauthorized reproductions or derivatives of Plaintiff's Copyrighted Works as described herein operating and using at least the Seller IDs.

30.     Defendants directly engage in unfair competition with Plaintiff by advertising, offering for sale, and selling goods bearing or using infringements and counterfeits of Plaintiff's intellectual property rights to consumers within the United States and this district through Internet based e-commerce stores using, at least, the Seller IDs and additional names, websites, or seller identification aliases not yet known to Plaintiff.

31.     Defendants have purposefully directed some portion of their illegal activities towards consumers in the state of Illinois through the advertisement, offer to sell, sale, and/or shipment of infringing and counterfeit goods into the State.

32.     Upon information and belief, Defendants may have engaged in fraudulent conduct with respect to the registration of the Seller IDs by providing false and/or misleading information

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ ILLINOIS ◆ TENNESSEE ◆ NEW YORK

to the Internet based e-commerce platforms or domain registrar where they offer to sell and/or sell during the registration or maintenance process related to their respective Seller IDs.

33.     Upon information and belief, many Defendants registered and maintained their Seller IDs for the sole purpose of engaging in illegal infringing activities.

34.     Upon information and belief, Defendants will likely continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale gods bearing or using unauthorized reproductions or derivative works of one or more of Plaintiff's copyrights unless preliminarily and permanently enjoined.

35.     Defendants use their Internet-based businesses to infringe the intellectual property rights of Plaintiff and others.

### JOINDER OF DEFENDANTS IN THIS ACTION IS PROPER

36.     Defendants are the individuals, partnerships, and unincorporated associations set forth on Schedule "A" hereto.

37.     Defendants are promoting, selling, offering for sale and distributing goods bearing or using unauthorized reproductions or derivative works of one or more of Plaintiff's copyrights within this district.

38.     Joinder of all Defendants is permissible based on the permissive party joinder rule of Fed. R. Civ. P. 20(a)(2) that permits the joinder of persons in an action as Defendants where any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all Defendants will arise in the action.

39.     Joinder of the multiple Defendants listed in Schedule "A" attached hereto is permitted because Plaintiff asserts rights to relief against these Defendants jointly, severally, or

in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and common questions of law or fact will arise in the action.

40. Joinder of the multiple Defendants listed in Schedule "A" attached hereto serves the interests of convenience and judicial economy, which will lead to a just, speedy, and inexpensive resolution for Plaintiff, Defendants, and this Court.

41. Joinder of the multiple Defendants listed in Schedule "A" attached hereto will not create any unnecessary delay nor will it prejudice any party. On the other hand, severance is likely to cause delays and prejudice Plaintiff and Defendants alike.

42. Joinder of the multiple Defendants listed in Schedule "A" is procedural only and does not affect the substantive rights of any defendant listed on Schedule "A" hereto.

43. This Court has jurisdiction over the multiple Defendants listed in Schedule "A" hereto. Venue is proper in this Court for this dispute involving the multiple Defendants listed in Schedule "A" hereto.

44. Plaintiff's claims against the multiple Defendants listed in Schedule "A" are all transactionally related.

45. Plaintiff is claiming copyright infringement and piracy against Defendants of Plaintiff's copyrights.

46. The actions of all Defendants cause indivisible harm to Plaintiff by Defendants' combined actions engaging in similar infringing conduct when each is compared to the others.

47. All Defendants' actions are logically related. All Defendants are all engaging in the same systematic approach of establishing online storefronts to redistribute illegal products from the same or similar sources while maintaining financial accounts that the Defendants can easily conceal to avoid any real liability for their actions.

48.     All Defendants are located in foreign jurisdictions, mostly China.

49.     All Defendants undertake efforts to conceal their true identities from Plaintiff in order to avoid detection for their illegal infringing activities.

50.     All Defendants have the same or closely related sources for their infringing products with some sourcing from the same upstream source and others sourcing from downstream sources who obtain infringing products from the same upstream sources.

51.     All Defendants take advantage of a set of circumstances the anonymity and mass reach the internet affords to sell infringing or counterfeit goods across international borders and violate Plaintiff's intellectual property rights with impunity.

52.     All Defendants have registered their Seller IDs with a small number of online platforms for the purpose of engaging in infringement.

53.     All Defendants use payment and financial accounts associated with their online storefronts or the online platforms where their online storefronts reside.

54.     All Defendants use their payment and financial accounts to accept, receive, and deposit profits from their infringing activities.

55.     All Defendants can easily and quickly transfer or conceal their funds in their use payment and financial accounts to avoid detection and liability in the event that the Plaintiff's anti-pirating and anti-counterfeiting efforts are discovered, or Plaintiff obtains a monetary award.

56.     All Defendants violated one or more of the Plaintiff's intellectual property rights in the United States by the use of common or identical methods.

57.     All Defendants understand that their ability to profit through anonymous internet stores is enhanced as their numbers increase, even though they may not all engage in direct communication or coordination.

58.     Many of the Defendants are operating multiple internet storefronts and online marketplace seller accounts using different Seller IDs listed on Schedule "A". As a result, there are more Seller IDs than there are Defendants, a fact that will emerge in discovery.

59.     Defendants' business names, i.e., the Seller ID's, associated payment accounts, and any other alias seller identification names or e-commerce stores used in connection with the sale of infringements and counterfeits of Plaintiff's intellectual property rights are essential components of Defendants' online activities and are one of the means by which Defendants further their infringement and counterfeiting scheme and cause harm to Plaintiff.

60.     Defendants are using infringements and counterfeits of Plaintiff's intellectual property rights to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

61.     Defendants, through the sale and offer to sell infringing and counterfeit products, are directly, and unfairly, competing with Plaintiff's economic interests in the state of Illinois and causing Plaintiff harm and damage within this jurisdiction.

62.     The natural and intended by product of Defendants' logically related actions is the erosion and destruction of the goodwill associated with Plaintiff's intellectual property rights and the destruction of the legitimate market sector in which he operates.

63.     Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Plaintiff's intellectual property rights, including Plaintiff's exclusive right to use and license such intellectual property rights.

## DEFENDANTS' INFRINGING ACTIVITIES

64.     Defendants are promoting, advertising, distributing, selling, and/or offering for sale infringing goods in interstate commerce using exact copies and confusingly similar copies of

the Copyrighted Works (the "Infringing Goods") through at least the Internet based e-commerce stores operating under the Seller IDs.

65.     Specifically, Defendants are using infringements of the Copyrighted Works to initially attract online customers and drive them to Defendants' e-commerce stores operating under the Seller IDs.

66.     Plaintiff has used the Copyrighted Works extensively and continuously before Defendants began offering goods bearing or using unauthorized reproduction or derivative works of one or more of Plaintiff's Copyrighted Works.

67.     Defendants are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Infringing Goods without authority to use the Copyrighted Works.

68.     Defendants advertise their e-commerce stores, including their Infringing Goods offered for sale, to the consuming public via e-commerce stores on, at least, one Internet marketplace website operating under, at least, the Seller IDs.

69.     In so advertising their stores and products, Defendants improperly and unlawfully use reproductions or versions of the Copyrighted Works, or derivatives thereof, without Plaintiff's permission.

70.     As part of their overall infringement and counterfeiting scheme, most Defendants are, upon information and belief, concurrently employing and benefitting from substantially similar, advertising and marketing strategies based, in large measure, upon an illegal use of infringements of the Copyrighted Works.

71.     Specifically, Defendants are using infringements of the Copyrighted Works in order to make their e-commerce stores selling illegal goods appear more relevant and attractive

to consumers searching for both Plaintiff's goods and goods sold by Plaintiff's competitors online.

72.     By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiff's genuine goods.

73.     Defendants are causing individual, concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with Plaintiff's business and its intellectual property assets, and (iii) increasing Plaintiff's overall cost to market its goods and educate consumers via the Internet.

74.     Defendants are concurrently conducting and targeting their infringing and counterfeiting activities toward consumers and likely causing unified harm within this district and elsewhere throughout the United States.

75.     As a result, Defendants are defrauding Plaintiff and the consuming public for Defendants' own benefit.

76.     Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiff's ownership of the Copyrighted Works, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

77.     Defendants' use of the Copyrighted Works, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Infringing Goods, is without Plaintiff's consent or authorization.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ ILLINOIS ◆ TENNESSEE ◆ NEW YORK

78.     Defendants are engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights.

79.     If Defendants' intentional infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

80.     Defendants' infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during and after the time of purchase.

81.     Defendants' payment and financial accounts, including but not limited to those specifically set forth on Schedule "A", are being used by Defendants to accept, receive, and deposit profits from Defendants' infringing activities connected to their Seller IDs and any other alias, e-commerce stores, or seller identification names being used and/or controlled by them.

82.     Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Plaintiff.

83.     Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and infringing activities and its wrongful use of Plaintiff's intellectual property rights.

84.     If Defendants' infringing and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

85.      The harm and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Infringing Goods.

86.     Defendants have sold their infringing products in competition directly with Plaintiff's genuine products.

87.     Plaintiff should not have any competition from Defendants' because Plaintiff never authorized Defendants to use Plaintiff's copyrights.

88.     Plaintiff has no adequate remedy at law.

**<u>COUNT I – COPYRIGHT INFRINGEMENT</u>**

89.     Plaintiff incorporates the allegations of paragraphs 1 through 88 of this Complaint as if fully set forth herein.

90.      Plaintiff has complied in all respects with the Copyright Act of the United States and all other laws governing copyright and secured the exclusive rights and privileges in and to the copyrights at issue in this action.

91.     Pursuant to 17 U.S.C. § 411(a), Plaintiff registered copyrights for his Works.

92.     Defendants directly infringed Plaintiff's exclusive rights in his copyright registered Works under 17 U.S.C. § 106.

93.     Defendants copied, displayed, and distributed Plaintiff's Copyrighted Works and/or prepared derivative works based upon Plaintiff's Copyrighted Works in violation of Plaintiff's exclusive rights under 17 U.S.C. §106(1), (2) and/or (5).

94.     Defendants' conduct constitutes willful and direct copyright infringement of Plaintiff's Copyrighted Works.

95.     Defendants profited from the direct infringement of the exclusive rights of Plaintiff in the Works at issue in this case under the Copyright Act.

96.     Defendants' infringement is not limited to the copyright infringement listed above. Plaintiff will identify such additional infringement after discovery.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ ILLINOIS ◆ TENNESSEE ◆ NEW YORK

97.     On information and belief, there is a business practice of infringement by Defendants.

98.     On information and belief, Defendants routinely and intentionally infringe the intellectual property rights of others, including but not limited to, acting with willful blindness and/or reckless disregard.

99.     Plaintiff has been damaged by the infringement.

100.    The harm to Plaintiff is irreparable.

101.    Plaintiff is entitled to temporary and permanent injunctive relief from Defendants' willful infringement.

102.    Plaintiff is entitled to recover his actual damages and/or statutory damages, at his election.

103.    Plaintiff is entitled to recover his reasonable costs and attorneys' fees incurred in this action.

## COUNT II – REMOVAL OR FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION

104.    Plaintiff incorporates the allegations of paragraphs 1 through 88 of this Complaint as if fully set forth herein.

105.    Plaintiff's Copyrighted Works contain copyright management information (CMI) as defined by 17 U.S.C. § 1202 including the © symbol, the name of DAVID DOE, and DAVID DOE's signature as shown below, and other identifying information for the work and Plaintiff.

**[REDACTED]**

15

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ ILLINOIS ◆ TENNESSEE ◆ NEW YORK

106. Defendants knowingly and with the intent to enable or facilitate copyright infringement removed CMI from the works at issue in this action in violation of 17 U.S.C. § 1202(b).

107. Alternatively, Defendants knowingly and with the intent to induce, enable, facilitate, or conceal infringement, provided copyright management information that is false.

108. Defendants committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the works at issue in this action protected under the Copyright Act.

109. Defendants caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Plaintiff's rights in the works at issue in this action protected under the Copyright Act.

110. Plaintiff has been damaged.

111. The harm caused to Plaintiff has been irreparable.

WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

a. Entry of temporary, preliminary, and permanent injunctions pursuant to 17 U.S.C. § 502 and 503 and Federal Rule of Civil Procedure 65 from copying, displaying, distributing, or creating derivative works of Plaintiff's registered copyrights.

b. Entry of a Temporary Restraining Order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of

the injunction issued by this Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of non-genuine goods using infringements of the Copyrighted Works, that copy, display, distribute or use derivative works of Plaintiff's registered copyrights.

c.  Entry of an order authorizing seizure, impoundment and/or destruction of all of the products used to perpetrate the infringing acts pursuant to 17 U.S.C. § 503.

d.  Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by this Court disable and/or cease facilitating access to the Seller IDs and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods using infringements of the Copyrighted Works.

e.  Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that, upon Plaintiff's request, any messaging service and Internet marketplace website operators, administrators, registrar and/or top level domain (TLD) registry for the Seller IDs who are provided with notice of an injunction issued by this Court identify any e-mail address known to be associated with Defendants' respective Seller IDs.

f.  Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that upon Plaintiff's request, any Internet marketplace

17

**SRIPLAW**

website operators and/or administrators who are provided with notice of an injunction issued by this Court permanently remove from the multiple platforms, which include, *inter alia*, a direct platform, group platform, seller product management platform, vendor product management platform, and brand registry platform, any and all listings and associated images of goods using infringements of the Copyrighted Works via the e-commerce stores operating under the Seller IDs, including but not limited to the listings and associated images identified by the "parent" and/or "child" Amazon Standard Identification Numbers ("ASIN") on Schedule "A" annexed hereto, and upon Plaintiff's request, any other listings and images of goods using infringements of the Copyrighted Works associated with any ASIN linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods using infringements of the Copyrighted Works.

g. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and this Court's inherent authority that, upon Plaintiff's request, Defendants and any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court immediately cease fulfillment of and sequester all goods of each Defendant using infringements of the Copyrighted Works in his inventory, possession, custody, or control, and surrender those goods to Plaintiff.

h. Entry of an Order requiring Defendants to correct any erroneous impression the consuming public may have derived concerning the nature, characteristics, or

qualities of their products, including without limitation, the placement of corrective advertising and providing written notice to the public.

i.  Entry of an Order requiring Defendants to account to and pay Plaintiff for all profits and damages resulting from Defendants' copyright infringement, or statutory damages (at Plaintiff's election), for all infringements involved in the action, with respect to any one work, for which any one Defendant is liable individually, or for which Defendants are liable jointly and severally with another, in a sum of not less than $750 or more than $30,000 as the Court considers just pursuant to 17 U.S.C. §504(c)(1), or to the extent the Court finds that infringement was committed willfully, an award of statutory damages to a sum of not more than $150,000 per violation, pursuant to 17 U.S.C. §504(c)(2).

j.  Entry of an Order requiring Defendants to pay Plaintiff for all profits and damages resulting from Defendants' violations of 17 U.S.C. § 1202 or statutory damages (at Plaintiff's election) per violation, for which Defendants shall be liable in a sum per violation of not less than $2,500 or more than $25,000 per violation pursuant to 17 U.S.C. §1203.

k.  Entry of an award pursuant to 17 U.S.C. § 505 of Plaintiff's costs and reasonable attorneys' fees and investigative fees, associated with bringing this action, including the cost of corrective advertising.

l.  Entry of an Order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all

financial accounts and/or sub-accounts used in connection with the Seller IDs, or other alias seller identification or e-commerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s) and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

m.  Entry of an award of pre-judgment interest on the judgment amount.

n.  Entry of an Order for any further relief as the Court may deem just and proper.

DATED: February 22, 2024

Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number:  98220
joel.rothman@sriplaw.com
J. CAMPBELL MILLER
Illinois Bar Number:  6345233
campbell.miller@sriplaw.com
ANGELA M. NIEVES
Florida Bar Number: 1032760
angela.nieves@sriplaw.com

**SRIPLAW, P.A.**
231 S. Rangeline Rd.
Carmel, IN 46032
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff DAVID DOE*