UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID DOE, *Plaintiff*, v. THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", *Defendants*. | Civil Action No. 1:24-cv-01491 Judge: Hon. Charles P. Kocoras Magistrate Judge: Hon. Sunil R. Harjani |

**JOINT MOTION TO MODIFY TEMPORARY RESTRAINING ORDER AS TO SHEIN DISTRIBUTION CORPORATION**

Pursuant to paragraph 10 of the March 1, 2024 Temporary Restraining Order ("TRO"), Dkt. 19, Defendant SHEIN Distribution Corporation ("SDC") and Plaintiff David Doe a/k/a Larry Zach hereby jointly ask that the Court modify the TRO as follows:

**WHEREAS**, on March 1, 2024 the Court granted the *ex parte* TRO, Dkt. 19, against a number of Defendants identified in Schedule A, Dkt. 5-1;

**WHEREAS**, Schedule A lists Manfinity LEGND as Doe 697; the seller of the disputed product listing which Plaintiff alleges infringes his intellectual property (the "Accused Product"), is, however, SDC. Dkt. 5-1;

**WHEREAS**, the TRO not only requires the disabling of the online marketplace listing for the Accused Product, but also requires freezing ***all*** of SDC's assets, enjoining it from transferring or disposing of ***any*** of its assets (hereinafter, the "Asset Freeze"), Dkt. 19 ¶¶ 6-9;

**WHEREAS**, the asset freeze aims to prevent foreign counterfeiters from changing their names and disposing of assets in order to evade enforcement, Dkt. 19, at 5 ("In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal copyright laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.");

**WHEREAS**, SDC does not pose such a risk, as it is a U.S.-based company with significant operations and assets in the United States;

**WHEREAS**, the Asset Freeze is therefore unjustified and disproportionate as to SDC and would severely hamper its ability to operate;

**WHEREAS**, counsel for SDC and counsel for Plaintiff conferred on March 5, 2024 via email and agreed to stipulate that the Asset Freeze should not apply to SDC so long as SDC otherwise complies with the other aspects of the TRO;

**WHEREAS**, the TRO permits "[a]ny Defendant or financial institution account holder subject to this Order" to "petition the Court to modify the asset restraint set out in this Order," Dkt. 19 ¶ 10;

**THEREFORE**, the Parties jointly request that the Court modify the March 1, 2024 TRO such that the Asset Freeze shall not apply to SDC.

Dated: March 7, 2024

By: /s/ Andrew Schapiro

Andrew Schapiro
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606-1881
(312) 705-7400
(312) 705-7401 (fax)
andrewschapiro@quinnemanuel.com

*Counsel for Defendant Shein Distribution Corporation*

By: /s/ Joel B. Rothman

JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
J. CAMPBELL MILLER
Illinois Bar Number: 6345233
campbell.miller@sriplaw.com
ANGELA M. NIEVES
Florida Bar Number: 1032760
angela.nieves@sriplaw.com

**SRIPLAW, P.A.**
231 S. Rangeline Rd.
Carmel, IN 46032
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff David Doe a/k/a Larry Zach*

## CERTIFICATE OF SERVICE

    I hereby certify that on March 7, 2024, I filed the foregoing JOINT MOTION TO MODIFY TEMPORARY RESTRAINING ORDER AS TO SHEIN DISTRIBUTION CORPORATION, which will automatically give notice to the parties' counsel of record.

                                                       */s/ Andrew Schapiro*
                                                       Andrew Schapiro